# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In re:** <br><br> NICK JON TRAPPEN and <br> SUSAN MARIE TRAPPEN, <br><br> **Debtors.** | **Bankruptcy Case** <br> **No. 05-41143** |

_____

| | |
|---|---|
| BLAKE SPOTTEN, <br><br> **Plaintiff,** <br><br> vs. <br><br> NICK JON TRAPPEN and <br> SUSAN MARIE TRAPPEN, <br><br> **Defendants.** | Adv.  Proceeding No. 05-8088 |

_____

### MEMORANDUM OF DECISION

_____

Trevor Hart, Perry Law Office, Boise, Idaho, Attorney for Plaintiff.

Nick and Susan Trappen, Wells, Nevada, Pro Se Defendants.

This matter comes before the Court on Defendants' Nick Jon

MEMORANDUM OF DECISION - 1

Trappen and Susan Marie Trappen's ("Defendants") Motion to Reconsider. Docket No. 37. The Court conducted a hearing and has considered the motion, briefs and affidavits filed by the parties, as well as the arguments made by the parties at the hearing. This Memorandum disposes of the motion, and to the extent necessary, constitutes its findings of fact and conclusions of law. Fed. R. Bankr. P. 7052.[1]

### Relevant Facts

In this adversary proceeding, Plaintiff alleges that Defendants failed to identify and list certain assets on their bankruptcy schedules, and that they have obtained credit through fraudulent means. As a result, Plaintiff asks the Court to deny Defendants a discharge in bankruptcy under § 727(a). Verified Complaint, Docket No. 3.

On December 21, 2005, Plaintiff served his First Interrogatories and Requests for Production of Documents on Defendants through their attorney. Docket No. 14. But on January 27, 2006, Defendants' attorney, Mr. Brent H. Nielson, moved to withdraw. The basis for Mr. Nielson's motion was that his

---

[1] References are made to the Bankruptcy Code, Title 11, U.S. Code, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as they existed prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 108-9, 119 Stat. 23 (Apr. 20, 2005). Debtors' petition, filed on May 25, 2005, preceded BAPCPA's effective date of October 17, 2005.

MEMORANDUM OF DECISION - 2

professional relationship with Defendants had deteriorated, due in part to the fact that they had allegedly "failed to comply with requests for information, and or responded to discovery which would assist counsel in defending this action . . . ." *See*, Motion to Withdraw as Counsel of Record, Docket No. 15. Defendants did not oppose the motion, which the Court granted on March 8, 2006.

On February 6, 2006, Plaintiff filed a Motion to Compel and Motion for Expenses and Sanctions, because Defendants had not yet responded to the outstanding discovery requests. Docket No. 18. On March 1, 2006, Defendants filed a notice with the Court in which they indicated that they would represent themselves. This notice did not include their current address or phone number in accordance with Fed. R. Bankr. P. 9011(a). Docket No. 26.

On April 5, 2006, the Court conducted a hearing on Plaintiff's Motion to Compel. At the hearing, Defendants appeared and stated that they had answered the discovery requests when Mr. Nielsen was still their attorney, and that he was in possession of the responses and documents. During the hearing, Plaintiff agreed to serve another copy of the discovery requests on Defendants. In open court and on the record, Defendants provided a current post office address in Wells, Nevada, where Plaintiff could mail the documents.[2] The Court also

---

[2] The address they provided was different than the address previously appearing in the Court's records.

MEMORANDUM OF DECISION - 3

directed Defendants to file their discovery responses on or before May 5, 2006. Defendants further agreed to file a proper notice of appearance.

The day after the hearing, Plaintiff filed a Notice of Service Re: Discovery Requests, Docket No. 28, indicating that Plaintiff had indeed mailed a copy of the First Set of Interrogatories and Requests for Production, dated December 21, 2005, to Defendants at the address they had announced at the hearing. Defendants thereafter filed no responses to the discovery requests, nor did they file a proper notice of appearance.

On June 7, 2006, Plaintiff filed a Motion for Default Judgment, as well as a Notice of Hearing, which set the motion for a hearing on June 21, 2006.[3] Docket No. 31. The motion sought entry of a default judgment against Defendants for their failure to provide the discovery responses as ordered by the Court. Defendants filed no response to this motion, and they did not attend the hearing. At the hearing, after reviewing the record, determining that the discovery responses had not been filed, and in the absence of any explanation or appearance by Defendants, the Court granted Plaintiff's motion. The Court entered a default judgment against Defendants denying them a discharge on June 27, 2006.

---

[3] Plaintiff initially asked that the default judgment be entered *ex parte*. Docket No. 29. In light of the ramifications of the relief sought, the Court declined to consider the motion *ex parte*, and Plaintiff thereafter filed the instant motion and gave notice to Defendants.

MEMORANDUM OF DECISION - 4

The Court had set the trial in this matter for June 29, 2006. Docket No. 11. Defendants appeared at the courthouse in Pocatello, Idaho, at the time set for trial, but were informed by the clerk's staff that the trial had been vacated as a result of the entry of the default judgment.

On July 13, 2006, Defendants' reconsideration motion was filed and a hearing was held on August 30, 2006. The Court thereafter took the issues under advisement.

## Analysis

### A. Motion for Relief from the Court's Order

Defendants' motion cites no statute, rule or other legal basis for the relief sought. Reading the motion fairly, the Court will treat it as a motion for relief from an order, which is governed by Fed. R. Civ. P. 60(b).[4] Rule 60(b) allows a party to seek relief from a final judgment or order for a variety of reasons. In this case, only subsection (6) of the Rule is applicable.

Under Rule 60(b)(6), the Court may grant relief from a judgment or order "for any other reason justifying relief from the operation of the judgment." While this appears to be a broad, "catch-all" rule, the courts have construed it strictly. In general, Rule 60(b)(6) will aid a party only with regard to errors or

---

[4] Rule 60 applies in bankruptcy cases, including in adversary proceedings, pursuant to Fed. R. Bankr. P. 9024.

MEMORANDUM OF DECISION - 5

actions beyond the party's control.  *In re Bott*, 03.2 I.B.C.R. 125, 126 (Bankr. D. Idaho 2003) (citing *Community Dental Services v. Tani,* 282 F.3d 1164, 1170, n. 12 (9th Cir. 2002)); *see also, In re Anderton*, 00.1 I.B.C.R. 5, 8 (Bankr. D. Idaho 2001) (citing *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996)) ("[R]ule 60(b)(6) is only to be applied in rare cases where a party was prevented by 'extraordinary circumstances' from seeking timely prevention or correction of an erroneous judgment.").  To qualify for relief under Rule 60(b)(6), a moving party must "show both injury and that circumstances beyond its control prevented timely action to protect its interests.  Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)."  *Bott*, 03.2 I.B.C.R. at 126 (citing *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998)) (internal citations omitted).

When applying Rule 60(b) to default judgments, the Ninth Circuit has determined that such judgments are disfavored and, whenever possible, actions should be decided by the courts on the merits.  *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2006).  Courts have enunciated three factors to consider in weighing a request to vacate a default judgment:  (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff.  *In re Peralta*, 317 B.R. 381 (9th Cir. BAP

MEMORANDUM OF DECISION - 6

2004) (citing *TCI*, 244 F.3d at 695–96). These three factors stem from the "good cause" standard for vacating defaults. *Id.*; Fed. R. Civ. P. 55(c). As Defendants are the party seeking relief from the default judgment, they bear the burden of demonstrating that these factors weigh in favor of vacating the judgment. *Id*. at 696.

Defendants allege in the motion and at hearing that they never received the second copy of Plaintiff's discovery requests, the motion for default, nor notice of the entry of the default judgment. They apparently did receive notice of the August 30, 2006, hearing on their motion to reconsider, as evidenced by their appearance in court on that date. From the service certificates appearing in the record, all these documents were sent to Defendants via first class mail, except the motion for default judgment, which was sent by certified mail. *See*, Notice of Hearing, Docket No. 32; Affidavit of Counsel in Support of Default Judgment Denying Discharge at ¶ 20, Docket No. 34. During the motion hearing, Plaintiff's counsel explained that two notices were given to Defendants indicating that they had a certified letter to be claimed at the post office, and when they failed to do so, the certified letter was returned to Plaintiff as "unclaimed." In response, Defendants stated that they retrieved their mail at least every other day, and they never saw the notices from the post office concerning the certified letter. Finally,

MEMORANDUM OF DECISION - 7

when Defendants learned of the entry of the order granting a default judgment against them, they promptly filed their motion to reconsider.

Applying the *TCI* factors to the instant case, the Court concludes that Defendants have met their burden under Rule 60(b)(6).  First, the Court is not persuaded that Defendants' own conduct resulted in their failure to respond to the motion for default judgment.  From the record, it seems apparent that some, but not all of Defendants mail was delivered to them at the address they provided to the Court.  While it seems rather unusual that Defendants would receive only certain items of mail, the Court is inclined to give Defendants the benefit of the doubt, this time.  Therefore, the Court agrees that the non-delivery of mail is an unusual and extraordinary circumstance, which lies outside Defendants' control.

The second *TCI* factor to consider is whether Defendants offer any potential meritorious defense to this action.  Defendants, in their answer, have denied that they have engaged in conduct sufficient to deny them a discharge.  Docket No. 7.  The discovery phase of the adversary proceeding has yet to be completed.  The merits of the parties' positions are still an open question.   The Court accepts Defendants' denial of the allegations of Plaintiff's complaint as a potentially meritorious defense under these circumstances.

Finally, the *TCI* decision directs the Court to consider the potential

MEMORANDUM OF DECISION - 8

prejudice to Plaintiff in vacating the default judgment. The Court is mindful that Plaintiff has incurred expenses associated with the preparation and filing of the motion for default judgment as well as appearing in court to argue it. However, that Plaintiff has suffered some prejudice does not tip the balance in its favor. The Court reaches this conclusion for two primary reasons: First, as noted above, defaults are disfavored in the law. Justice is better served when disputes are resolved on the merits. Second, if the default is allowed to remain in effect, Defendants will face the Bankruptcy Code's most severe consequence, namely, the denial of a discharge.

The Court concludes that Defendants' failure to oppose Plaintiff's motion was a result of factors beyond their control. While it will result in a certain amount of prejudice to Plaintiff, that prejudice is not nearly equal to that Defendants will face if they are denied a discharge, particularly as a procedural matter and not on the merits. As such, the Court will set aside its default judgment under Rule 60(b)(6).

### B. Fees and Costs

The Court will next consider the propriety of awarding Plaintiff its attorney fees and costs associated with the filing of his Motion to Compel, as well as the filing of the Motion for Default Judgment. This is a close question. On one

hand, the Court has noted the apparent irregular mail service in Wells, Nevada, an occurrence outside Defendants' control.  On the other hand, Defendants have adopted a rather nonchalant attitude toward defense of this action.  The Court will consider each of the motions independently.

### 1.  Motion to Compel

The Court previously considered Plaintiff's Motion to Compel at a hearing on April 5, 2006.  During that hearing, the Court directed Plaintiff to serve an additional copy of the discovery requests on Defendants.  The Court noted that on the condition that Defendants provide a timely response to Plaintiff, then the motion would be deemed resolved.  However, in the event that Defendants did not provide a timely response and another hearing was scheduled, then attorney fees and costs would be awarded to Plaintiff.  Docket No. 27.

Defendants claim that they signed their discovery responses and gave them to their former attorney, Brent H. Nielson.  Mr. Nielson apparently remembers things differently, because he moved to withdraw on the grounds that Defendants had failed to comply with requests for information, and otherwise aid in responding to Plaintiff's discovery requests.  In addition, Defendants were informed in open court that another copy of the discovery requests would be mailed directly to them, and were given a specific date by which they were

expected to file their responses. In spite of this, Defendants failed to take any action when they did not receive the information from Plaintiff's attorney and the response deadline passed. They should have contacted the clerk's office, Plaintiff's attorney, or both, to inquire about the status of the action. In short, Defendants failed to take responsibility for their defense of this action.

The Court is mindful of Defendants' financial difficulties. However, Plaintiff has incurred unnecessary expenses and the action has been delayed due in large part to Defendants' cavalier attitude. Therefore, the Court deems it expedient that Defendants pay for costs resulting from their conduct. Plaintiff sought the amount of $250, as expenses and fees incurred in bringing the motion. The Court concludes that this amount is reasonable and justified, and that an award of fees and costs in favor of Plaintiff and against Defendants is proper under Fed. R. Civ. P. 37(a)(4).

The Court is anxious to get this action on course. Therefore, Plaintiff is directed to mail yet another copy of his discovery requests to Defendants within fourteen (14) days from the date of this decision. Defendants are admonished to supervise their mail deliveries and if they do not timely receive anything from Plaintiff, Defendants are directed to contact Plaintiff's counsel and arrange to pick up the discovery requests in person from his office in Boise.

MEMORANDUM OF DECISION - 11

### 2. Motion for Default Judgment

In setting aside the default judgment, the Court concluded that items lost or otherwise not delivered to Defendants by the post office was an occurrence outside their control. By crediting their account, the Court accepts that Defendants were unaware of the filing of the motion for default judgment and the hearing on that motion, until they appeared at the courthouse on the date scheduled for the trial. As such, it would be inequitable for the Court to penalize Defendants for their failure to respond to the default judgment motion, as well as their failure to attend the hearing. Thus, no fees will be awarded to Plaintiff for the default judgment motion and oral argument.

### Conclusion

Defendants have shown they should receive relief from the Court's order granting a default judgment to Plaintiff. Accordingly, the entry of default judgment will be set aside. However, because of Defendants' conduct in failing to monitor the activities in this action, the Court will order Defendants to pay $250 to Plaintiff to defray his costs incurred. Defendants will not be assessed fees or costs associated with the default judgment motion.

A separate order will be entered, along with an order rescheduling the trial.

Dated: September 27, 2006

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 13